IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Teri Knight, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING PLAINTIFF'S** |
| | ) | **MOTION FOR DEFAULT JUDGMENT** |
| vs. | ) | |
| | ) | |
| Prudential Insurance Company of America, | ) | Case No. 1:23-cv-166 |
| | ) | |
| Defendant. | ) | |

The Plaintiff, Teri Knight, initiated this action on September 8, 2023. See Doc. No. 3. The Defendant, Prudential Insurance Company of America ("Prudential"), was served with a copy of the summons and complaint on October 2, 2023. See Doc. No. 5. Prudential had twenty-one days from the date of service to file an answer or otherwise file a responsive motion. See Fed. R. Civ. P. 12(a)-(b). By the Court's calculation, an answer was to be filed on or before October 23, 2023. To date, no answer has been filed nor any appearance made on behalf of Prudential. The Plaintiff filed a motion for default judgment against Prudential on October 27, 2023. See Doc. No. 6.

Rule 55 of the Federal Rules of Civil Procedure establishes "the basic procedure to be followed when there is a default in the course of litigation." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128 (2d Cir. 2011) (original citation omitted). When a party fails to defend against an action, Rule 55 provides a two-step process for the entry of judgment against the non-responsive party. First, the party may move for entry of default which "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff," but does not admit damages. Id.; see Fed. R. Civ. P. 55(a). Next, the party may seek a default judgment which "converts the defendant's admission of liability into a final judgment that

1

terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled." Id.; see Fed. R. Civ. P. 55(b).  In other words, entry of default is a pre-requisite to a default judgment.

The Eighth Circuit Court of Appeals has noted a plaintiff "was wrong to move for a default judgment" when an entry of default was not secured first.  Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998).  The record reveals that the Plaintiff's motion for default judgment is premature.  No entry of default has been entered against Prudential.  As a result, the Court finds the Plaintiff is not entitled to default judgment.  If the Plaintiff wishes to seek default judgment from the Court, it must follow the procedure outlined in Rule 55 of the Federal Rules of Civil Procedure, i.e., first move for the entry of default and have the clerk enter the party's default as per Rule 55(a).  Thereafter, move for default judgment in accordance with Rule 55(b).  The Court recognizes that technical compliance with Rule 55 is somewhat burdensome.  However, the law in the Eighth Circuit is clear, and the undersigned has seen default judgments set aside due to the failure to fully comply with the two-step process required under Rule 55.

The Court has carefully reviewed the entire record and the relevant law from the Eighth Circuit.  As the Plaintiff has failed to comply with Rule 55, the Court **DENIES** the Plaintiff's motion for default judgment (Doc. No. 6).

**IT IS SO ORDERED.**

Dated this 13th day of November, 2023.

> /s/ Daniel L. Hovland
> Daniel L. Hovland, Chief Judge
> United States District Court